**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Max Andrew Schaefer,　　　　　　　　　　　　　　Civ. No. 25-563 (JWB/SGE)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**ORDER ACCEPTING**
　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**
B. Eischen and FPC Duluth *et al.*,　　　　　　　　**OF MAGISTRATE JUDGE**

　　　　Respondents.

---

Max Andrew Schaefer, pro se Petitioner.

Ana H. Voss, Esq., and Ann M. Bildtsen, Esq., United States Attorney's Office, counsel for Respondents.

　　　　On March 12, 2025, United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") that Petitioner Max Andrew Schaefer's habeas corpus petition be denied. (Doc. No. 6.) Petitioner has filed an objection. (Doc. No. 7.)

　　　　The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Any aspects of an R&R to which no specific

objection is made are reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Petitioner is *pro se*, so his objections are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioner's objection does not identify any error of law or fact that warrants rejecting the March 12, 2025 R&R. He does not directly challenge the R&R's determination that he may not receive FSA credits for the 595 days he spent in pre-sentence custody. Instead, Petitioner argues he should receive credits for the time period between his sentencing and his arrival at FPC Duluth—which is not the time period he challenged in his habeas petition. Petitioner may not raise the issue for the first time in his objection. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding arguments waived when not first presented to the magistrate judge). He must instead raise it in a new habeas petition.

After carefully reviewing all other portions of the R&R not specifically objected to, the R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Petitioner Max Andrew Schaefer's Objection to the March 12, 2025 Report & Recommendation (Doc. No. 7) is **OVERRULED**;

2.  The March 12, 2025 Report and Recommendation (Doc. No. 6) is **ACCEPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**;

4. Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 5) is **DENIED AS MOOT**; and

5. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: April 15, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge